UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SALIM HAJIANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:14-CV-594-TAV-HBG |
| | ) |
| ESHA USA, INC., SAMEER RAMJEE, and JAMALUDIN SAYANI, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion for Leave to File Amended Answer [Doc. 25] and Plaintiff's Motion to Compel and for Sanctions [Doc. 27]. The Motions have been briefed and are ripe for review. Accordingly, for the reasons stated below, the Court **GRANTS** the Defendants' Motion for Leave to File Amended Answer [**Doc. 25**] and **DENIES** the Plaintiff's Motion to Compel and for Sanctions [**Doc. 27**].

**I.     POSITIONS OF THE PARTIES**

The Defendants' Motion for Leave to File Amended Answer states that pursuant to Federal Rule of Civil Procedure 15(a), leave should be freely given when justice so requires. The Defendants argue that their original Answer was filed when the Defendants were *pro se* and that

amending the Answer will not result in prejudice to the Plaintiff. The Defendants have attached a copy of their Answer as an exhibit to their Motion.[1]

The Plaintiff objects [Doc. 29] to the Motion. The Plaintiff states that the Defendants had thirty days to answer the Complaint and that only Defendant Ramjee answered. The Plaintiff argues that Defendants Sayani and ESHA USA Inc., ("ESHA") never responded to the Complaint. The Plaintiff submits that Defendant ESHA is a corporation and should be represented by an attorney, but no attorney filed anything on its behalf within the time limit. The Plaintiff also asserts that at an administrative hearing, the Administrative Law Judge ("ALJ") demanded an explanation as to why a default judgment should not be entered against the Defendants. The Plaintiff argues that the Defendants are aware of the Court's procedures and that their actions were in reckless disregard of the law. The Plaintiff states that he will be prejudiced if Defendants are given leave to file an amended Answer.

With respect to the Motion to Compel, the Plaintiff argues that he contacted defense counsel for a Rule 26(f) conference. The Plaintiff states that defense counsel requested an email address for him, but he has not received any correspondence from defense counsel. The Plaintiff submits that he made a good faith effort to resolve this dispute. Attached to his Motion is a letter to defense counsel attempting to resolve the issue. The Plaintiff argues that the Defendants' failure to provide any response is "seriously hampering" his ability to schedule depositions and to complete discovery in a timely manner.

The Defendants filed a Response [Doc. 30] stating that the parties were scheduled to discuss this case on September 14, 2016, at 8:00 a.m., but defense counsel did not receive a telephone call from the Plaintiff. The Defendants submit that on September 15, 2016, defense

---

[1] The Court previously denied [Doc. 23] the Defendants' request to amend their answer for failing to comply with Local Rule 15.1.

counsel received a telephone call from the Plaintiff stating that "he was sick and couldn't call." The Defendants state that they emailed the Plaintiff, but the email was returned as non-deliverable. The Defendants state that the Rule 26(f) conference has now been scheduled for October 27, 2016.

## II. ANALYSIS

The Court has considered the parties' positions, and for the reasons more fully explained below, the Court **GRANTS** the Defendants' Motion to Amend and **DENIES** the Plaintiff's Motion to Compel.

With respect to the Defendants' Motion to Amend, the Plaintiff objects because Defendants ESHA and Sayani did not timely respond to the Complaint. On November 30, 2016, the Chief District Judge entered a Memorandum Opinion and Order [Doc. 33] denying the Plaintiff's Motion for Default. The Plaintiff argued that entry of default was appropriate because only one Defendant answered the Complaint. The Plaintiff's contention was based on the fact that only Defendant Ramjee's name appeared at the bottom of the Answer. The Chief District Judge noted that Defendant Ramjee filed the Answer *pro se*, and that the names of all the Defendants appeared at the top of the Answer. The Court concluded that entry of default was not appropriate.

In a similar vein, the Court finds that the Defendants shall be permitted to amend their Answer. The Plaintiff's arguments are similar to the arguments made in his Motion for Default, which the Chief District Judge rejected. For the same reasons, the Court finds Plaintiff's objections to the Motion to Amend not well-taken. Moreover, the Plaintiff does not explain how he will be prejudiced by the amended Answer. Furthermore, although the Plaintiff argues that an ALJ demanded an explanation as to why a default judgment should not be entered against the Defendants, the Plaintiff does not explain how the ALJ's action relates to the instant matter. Further, the Court notes that the trial in this matter is scheduled for October 16, 2017, and that the

Defendants' Motion to Amend is timely pursuant to the Scheduling Order. See Doc. 17 (stating that at least one hundred and fifty days before trial, all motions for leave to amend the pleadings and add parties must be filed). Accordingly, the Court finds Defendants' Motion for Leave to File Amended Answer [**Doc. 25**] well-taken, and it is **GRANTED**. The Defendants **SHALL FILE** their Amended Answer [Doc. 25-1] as their operative pleading in CM/ECF on or before **December 20, 2016.**

With respect to Plaintiff's Motion to Compel, the Plaintiff included a good faith certification that he had attempted to resolve the issue with defense counsel. The Court finds, however, that the Plaintiff failed to follow the procedure outlined in the Scheduling Order [Doc. 17]. Specifically, the Scheduling Order in this case requires parties to take certain steps before filing motions regarding discovery disputes. First, the parties are to meet and confer in an attempt to resolve the dispute. If the parties cannot resolve the dispute, they shall attempt to resolve the dispute by conference with the Magistrate Judge. The Scheduling Order states that "[i]f and only if, the parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file appropriate written motions with the Court . . ." Finally, any motion filed shall include a certification of compliance with the above steps.

The Court finds that the Plaintiff did not follow the procedure outlined above. In addition, the Court notes that the parties filed separate Rule 26(f) Reports, which both note that a telephone conference was held on October 27, 2016. Accordingly, the Court finds the Motion to Compel Responses and for Sanctions [**Doc. 27**] not well-taken, and it is **DENIED**.

### III. CONCLUSION

For the reasons explained above, the Court finds Defendants' Motion for Leave to File Amended Answer [**Doc. 25**] well-taken, and it is **GRANTED**. The Defendants **SHALL** file their

4

Case 3:14-cv-00594-TAV-HBG   Document 34   Filed 12/09/16   Page 4 of 5   PageID #: 166

Amended Answer [Doc. 25-1] as their operative pleading in CM/ECF on or before **December 20, 2016.** The Court hereby **DENIES** the Plaintiff's Motion to Compel and for Sanctions [**Doc. 27**].

    **IT IS SO ORDERED.**

                                  ENTER:

                                  _____
                                  United States Magistrate Judge